THOMSON–HOUSTON ELECTRIC CO. v. JEFFREY MFG. CO.

(Circuit Court, S. D. Ohio, E. D. August 5, 1897.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where a patent has been sustained on a motion for a preliminary injunction, and the order affirmed on appeal, it comes before another court on a similar application as a sustained patent, and the ruling may properly be followed, in the absence of any contrary decision, unless there is some new question raised, and so far sustained as to make a prima facie defense against validity.

[Ed. Note.— For cases in point, see vol. 38, Cent. Dig. Patents, §§ 482–488.]

2. SAME.

Where the complainant has made a prima facie case for injunction against infringement, the right is not to be denied on the ground that the injunction would be inconvenient to defendant or seriously interfere with the success of his business.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 494.]

In Equity. Suit for infringement of letters patent No. 495,443, for a traveling contact for electric railways granted to Charles Van De-Poele. On motion for preliminary injunction.

See 101 Fed. 121.

Betts, Betts, Sheffield & Betts, for complainant.

H. H. Bliss, for respondent.

CLARK, District Judge. In regard to the particular claim of the patent here involved, it is true that the merits of the claim have not been adjudged finally, by any court of review, and that the validity of this claim was left for further and full consideration in the case of Thomson-Houston Electric Co. v. Ohio Brass Co., 80 Fed. 712, 26

C. C. A. 107, in which the action of the circuit judge in granting a preliminary injunction was affirmed. That patent including this particular claim, however, comes before the court now as a sustained patent. It is clearly proper, when the question of the right to a preliminary injunction has been considered and decided on the Circuit in the courts of original jurisdiction, that this court should follow such ruling, unless there is some new defense or question so far sustained as to make prima facie defense against the patent. The motion for preliminary injunction is now opposed upon two grounds: First, that it would be inequitable to grant an injunction on the particular facts of this case in the advance of the final hearing, and, second, the point is made for the first time, as insisted, that this particular claim in the complainant's patent was anticipated by a prior invention embraced in the Hunter application.

In regard to the first objection, I must say that, although this point is urged with great force and ability, I do not think it really offers any reason against the injunction which might not be assigned equally in nearly any case where a preliminary injunction is asked for. It may be said, in general terms, that it is certain that the defense is never exactly ready for the effect of a preliminary injunction, where a profitable infringement is going on. If the plaintiff has made out a prima facie case for injunction, as I think is done here, this right is not to be denied or defeated upon the ground that it will be inconvenient to the defendant or would seriously interfere with the success of the defendant's business. I am therefore unable to concur in the view that the first objection assigned is well taken.

In regard to the alleged invention covered by the Hunter application, I do not think it is best that I should discuss the case in detail in that aspect, inasmuch as the Court of Appeals has expressly left open for future determination the validity of this claim so far as it may be affected by prior inventions. As stated before, the claim has been sustained at the Circuit, and has been much considered by Judge Townsend and other judges on the Circuit, and I am content to follow these decisions until a different result shall be announced by the courts of review. Whatever may be the effect of the defense based on the Hunter claim finally, I do not think that, if the defendant can prove all they now claim to be able to do, it would change the result. So far as the proof on the present hearing goes, and so far as the opposing affidavits indicate that the defense will be able to go, I do not think the result will be changed. The impression thus far made is that Hunter was quite a prolific inventor in theory and on paper, with but a small amount of that very essential faculty for making the invention one of practical use.

Upon the whole case, without saying more at this time, I am of the opinion that the complainant is entitled to a preliminary injunction, and the same is allowed upon the execution of a bond in the sum of $15,000, conditioned as required by law, and, among other things, to satisfy and pay to the defendants any damages which may be sustained by the wrongful suing of the injunction, in the event the suit is not successfully prosecuted.

Since writing the foregoing, I have been furnished with the opin-

ion of the Circuit Court of Appeals for the Second Circuit (Thomson-Houston Electric Co. v. Hoosick Ry. Co., 82 Fed. 461, 27 C. C. A. 419), by Judge Wallace, holding the Van DePoele patent 495,433 invalid as to claims 6, 7, 8, 12, and 16, which were exactly the claims upheld by Judge Townsend in the Winchester Avenue Case (Thomson-Houston Electric Co. v. Winchester Ave. Ry. Co. [C. C.] 71 Fed. 192), and whose opinion I was following in what was said in the foregoing opinion, pursuant to the well-established rule of comity in such cases. I am now constrained to think that I would not be warranted by the rule referred to in accepting Judge Townsend's conclusion as a basis for a preliminary injunction, since his opinion has been disapproved by a court of review. And it is true, too, as argued now by the complainant's learned counsel, that claims 2 and 4 of patent 495,443 were not involved when passed upon by the Circuit Court of Appeals. If, however, these two claims are directly in issue in this case, as now presented, these two claims, 2 and 4, are in the position of an unsustained patent, not having been passed upon by Judge Townsend. As it appears that the defendant is fully solvent and responsible in damages to the complainant for any infringement, I am of opinion that I should not at this stage of the case allow a preliminary injunction. I think I should not do so before the October term of this court, when, if the case is not ready for final hearing by reason of defendant's lack of preparation, it would be open to the complainant to renew the application for injunction, and, in case the defendants are not then ready for a final hearing, the court would very certainly allow the preliminary injunction, just as the court would be much inclined to dissolve such injunction if now allowed, in the event the case should not be ready for hearing on the plaintiff's account. The right to the complainant to move for injunction at the beginning of the next term is expressly reserved, as it is to make the application at any time, if the insolvency of the defendant should be shown, or if defendant's solvency should be made to appear to be doubtful.

With this reservation, the preliminary injunction is, for the present, denied.